**Jaswinder KAUR, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–6531–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2006.

Parker Waggaman, P.C., New York, New York, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn Johnson, Jamila Z. Hoard, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Jaswinder Kaur, a native and citizen of India, seeks review of a December 10, 2004 order of the BIA denying Kaur's motion to reopen the BIA's June 21, 2004 affirmance of the August 8, 2003 decision of Immigration Judge ("IJ") Joanna M. Bukszpan denying petitioner's motion to re-calendar her proceedings. *In re Jaswinder Kaur,* No. A 72 778 768 (B.I.A. December 10, 2004).

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal citation omitted).

■ Kaur acknowledges that her motion to reopen was filed more than 90 days after the final order of deportation, but claims that she fits within the exception pursuant to 8 C.F.R. § 1003.23(b)(4)(i), because she established changed circumstances: (1) that she was eligible for a V-visa; and (2) that she has two U.S.-born children. However, Kaur fails to argue that there has been any change of circumstances in her native country of India. Since changed personal circumstances in this country do not constitute a change in country conditions, Kaur cannot fit into the exception set forth in 8 C.F.R. § 1003.23(b)(4)(i). *See Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003) (per curiam); *see also Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130 (2d Cir.2005) (per curiam).

■ Next, Kaur claims that the BIA's initial June 2004 decision was not sent to her, but rather to her counsel at that time. While Kaur does not allege ineffectiveness against her former counsel regarding the notice of the BIA's decision, she maintains that there is no indication that she was given proper advice concerning various deadlines. Kaur also claims in her brief to this Court that there is no evidence in the record of whether she knew what she was doing when she withdrew her pending application for asylum. However, Kaur admits that there is no hint of anything untoward; she maintains that there was at worst a mis-communication about the consequences of withdrawing her application for relief. Under these circumstances, we perceive no abuse of discretion in the denial of her motion to reopen.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.